UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **LESLEY C. DOMINGUE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4668** |
| **OFFSHORE SERVICE VESSELS, LLC AND INTERMOOR, INC.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment on Maintenance and Cure (Doc. #56) is **GRANTED** as to his entitlement to maintenance and cure, and **DENIED** as to the amount of such payments, and InterMoor, Inc.'s liability for compensatory damages, punitive damages, and attorneys' fees.

### BACKGROUND

Offshore Service Vessels, LLC ("Offshore") is the owner and operator of the M/V ALEX CHOUEST, an anchor handling tug supply vessel. Offshore operated the vessel under a Master Service Contract with Anadarko Petroleum Corporation ("Anadarko"). InterMoor, Inc. ("InterMoor"), another Anadarko contractor, provided anchor handling services for the M/V ALEX CHOUEST under a Master Vessel Access Agreement. InterMoor does not own or operate vessels, but uses the back deck of vessels contracted by its customers to perform its anchor handling services.

On June 2, 2008, Lesley Domingue was an employee of InterMoor, working as a rigger.[1] Domingue sustained an injury to his neck, back, and shoulders as he lifted a 250-pound, three-inch kenter link[2] on the back deck of the M/V/ ALEX CHOUEST. Domingue filed a complaint against Offshore under the general maritime law, alleging negligence and unseaworthiness in failing to provide a safe place to work and an adequately trained crew, and against InterMoor for negligence under the Jones Act and maintenance and cure under the general maritime law. Offshore filed a cross claim against InterMoor for defense and indemnity under the Master Vessel Access Agreement. Offshore filed a motion for summary judgment on Domingue's claims of negligence and unseaworthiness under the general maritime law, which the court granted. Domingue now moves for summary judgment arguing that it is undisputed that he is entitled to maintenance and cure.

**ANALYSIS**

**1.    Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that

---

[1] A rigger assists in connecting or coupling chains, cables, and wires and prepares for setting anchors used to stabilize offshore drilling vessels.

[2] A kenter link is a device used to connect or couple chains or chain to wire. It is similar to a chain link, except it comes apart. It is made of four pieces: a pin, a chock, and two wings. The pin runs diagonally through the chock and the wings.

2

there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. Id. If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.      Maintenance and Cure**

Plaintiff argues that there is no genuine issue of material fact that he is entitled to maintenance and cure from his employer, InterMoor. Plaintiff contends that InterMoor has unreasonably failed to pay maintenance and cure since the date of his injury to present and that he needs surgery. Plaintiff also argues that he is entitled to compensatory and punitive damages because InterMoor's failure to pay was unreasonable, arbitrary, and capricious.

InterMoor argues that plaintiff's motion is moot because InterMoor has agreed to bring plaintiff's maintenance up to date and to audit all medical bills for payment, except that InterMoor will not pay for the surgery recommended by one of plaintiff's physicians. InterMoor also argues that there are disputed issues of fact as to the nature and extent of plaintiff's alleged injury, whether

plaintiff needs surgery, and whether plaintiff is disabled. Additionally, InterMoor argues that whether it was unreasonable or arbitrary and capricious in its denial of maintenance and cure is a fact specific inquiry that cannot be determined on summary judgment.

"Maintenance and cure is an ancient duty imposed upon a shipowner to provide for a seaman who becomes ill or injured during is service to the ship." Silmon v. Can Do. II, Inc., 89 F.3d 240, 242 (5th Cir.1996). Maintenance is a subsistence allowance intended to cover the reasonable costs a seaman incurs for his food and lodging during the period of his illness. See Guevara v. Mar. Overseas Corp., 59 F.3d 1496, 1499 (5 th Cir. 1995), abrogated on other grounds, Atl. Sounding Co., Inc. v. Townsend, 129 S.Ct. 2561 (2009); THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 6-32, at 358 (2d ed. 1994). Cure is an employer's obligation to pay for the medical care of the sick or injured seaman. See Guevara, 59 F.3d at 1499; THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 6-32, at 361 (2d ed. 1994). "The right terminates only when maximum cure has been obtained." Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1012 (5th Cir.1994) (internal quotation and citation omitted). "Maximum cure is achieved when it is probable that further treatment will result in no betterment of the seaman's condition." Springborn v. American Commercial Barge Lines, Inc., 767 F.2d 89, 95 (5th Cir.1985). It is proper to declare maximum cure if the condition is incurable or if further treatment will only relieve pain and suffering. See Pelotto v. L & N Towing Co., 604 F.2d 396, 404 (5th Cir.1979).

"The Supreme Court has long recognized the importance of these remedies . . . and has declared that the doctrines of maintenance and cure are to be liberally construed to benefit the seaman." Cooper v. Diamond M Co., 799 F.2d 176, 179 (5th Cir. 1986) (quoting Caufield v. AC&D

4

Marine, Inc., 633 F.2d 1129, 1132 (5th Cir. 1981)). Ambiguities or doubts regarding the entitlement to maintenance and cure are resolved in the seaman's favor. Id. (citing Vaughan v. Atkinson, 82 S.Ct. 997, 1000 (1962)). The duty is implied in maritime employment contracts and is not premised on the fault or negligence of the shipowner. Silmon, 89 F.3d at 242.

When an employer received a claim for maintenance and cure, it is entitled to investigate and require corroboration of the claim before making payments. MNM Boats, Inc., v. Johnson, 248 F.3d 1139 (5 th Cir. 2001) (citing Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir. 1995), abrogated on other grounds, Guevara, 59 F.3d 1496). If the employer, after conducting the investigation, unreasonably refuses to pay maintenance and cure, it is liable for maintenance and cure and also compensatory damages. Id. Further, if the employer has shown callousness and indifference to, or willful and wanton disregard for, the seaman's injuries, it is liable for punitive damages and attorneys' fees. Id.; see also Atl. Sounding, 129 S.Ct. at 2575.

It is undisputed that plaintiff was a seaman who was injured in the service of the vessel. Thus, plaintiff is entitled to maintenance and cure. However, InterMoor disputes the extent of plaintiff's injury and whether surgery is required. Further, there has been no representation regarding the amount of maintenance, nor any facts regarding whether InterMoor has acted in such a manner to entitled plaintiff to compensatory damages, punitive damage, or attorneys' fees. Therefore, summary judgment cannot be granted as to the amount of maintenance and cure due, nor whether plaintiff is entitled to compensatory damages, punitive damages, or attorneys' fees.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment on Maintenance and Cure (Doc. #56) is **GRANTED** as to his entitlement to maintenance and cure, and **DENIED** as to the amount of such payments, and InterMoor, Inc.'s liability for compensatory damages, punitive damages, and attorneys' fees.

New Orleans, Louisiana, this __11th__ day of March, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**